UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN W. MILNER,

            Plaintiff,

-against-

THE STATE OF NEW YORK; GOVERNOR
ANDREW CUOMO; ATTORNEY GENERAL
LETITIA JAMES; DETECTIVE JOHN
FLOOD; 2 UNNAMED DETECTIVES;
SOMERS POLICE CHIEF MICHAEL
DRISCOLL, all in their individual capacities,

            Defendants.

19-CV-2889 (NSR)

ORDER OF DISMISSAL

---

NELSON S. ROMÁN, United States District Judge:

    Plaintiff John W. Milner, of Parlin, New Jersey, appears *pro se* and brings this action asserting that the defendants have violated his federal constitutional rights.[1] He sues the State of New York, New York State Governor Andrew Cuomo, New York State Attorney General Letitia James, Westchester County Detective John Flood, two unidentified detectives, and Somers Police Chief Michael Driscoll. He specifically asserts claims of violations of his federal constitutional rights under 42 U.S.C. § 1983. The Court can construe Plaintiff's complaint as asserting additional claims under state law under the Court's supplemental jurisdiction. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh*

---

[1] Plaintiff has paid the relevant fees to bring this action and the Clerk of Court has issued summonses.

*Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff asserts that the defendants have ignored his complaints to them that his cousin, Ann Westerman, of Granite Springs, New York, has embezzled funds. He contends that the defendants have failed to investigate and prosecute her.

Plaintiff asks the Court to order the defendants to investigate and prosecute Westerman and others. He also asks for "a private meeting with the judge to decide on the best course of action." (ECF No.1, at 6.) He further seeks restitution. But it is unclear if he seeks it for himself or for another person; he does not appear to be a victim of the alleged embezzlement. In addition, he seeks reimbursement for the "fees involved in this lawsuit." (*Id.*)

## DISCUSSION

A. **The State of New York**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the State of New York under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for monetary damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's § 1983 claims against the State of New York under the doctrine of Eleventh Amendment immunity, and because these claims are frivolous. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).[2]

---

[2] The Court also dismisses Plaintiff's § 1983 claims against the State of New York because a State is not a "person" for the purpose of § 1983 liability. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

3

**B. Duty to enforce laws**

The Court construes Plaintiff's remaining § 1983 claims against the individual defendants as asserting that those defendants violated Plaintiff's federal constitutional rights by failing to enforce laws. The Court must dismiss these claims because there is no federal constitutional duty on the part of state government officials to enforce laws. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994). The Court therefore dismisses Plaintiff's remaining § 1983 claims against the individual defendants as frivolous. *See Livingston*, 141 F.3d at 437.

**C. State-law claims**

The Court dismisses any state-law claims that Plaintiff asserts under the Court's supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).[3]

---

[3] Because Plaintiff is a New Jersey resident and the defendants are officials in New York, the parties are likely diverse. But because Plaintiff does not allege any facts that show that his

4

**D.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's claims cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 as frivolous. The Court declines to consider under its supplemental jurisdiction any remaining claims that Plaintiff asserts under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002, to mail a copy of this Order to pro se Plaintiff and to show proof of service on the docket.

SO ORDERED.

Dated:   April 15, 2019
         White Plains, New York

                                            NELSON S. ROMAN
                                            United States District Judge

---

claims satisfy the jurisdictional amount to assert state-law claims under the Court's diversity jurisdiction (an amount in excess of the sum or value of $75,000, 28 U.S.C. § 1332(a)), the Court does not construe the complaint as invoking that jurisdiction.